UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:03cv211

IN THE MATTER OF THE COMPLAINT
OF MARTIN MARIETTA MATERIALS,
INC., a corporation, FOR EXONERATION
FROM, OR LIMITATION OF LIABILITY,

and

MARTIN MARIETTA MATERIALS, INC.         THIRD PARTY
PLAINTIFF

vs.

ZURICH AMERICAN INSURANCE, CO.          THIRD PARTY
DEFENDANT

## MEMORANDUM OPINION

This matter comes before the Court on Third Party Plaintiff Martin Marietta Materials, Inc.'s Motion for Summary Judgment (Docket #75). The Third Party Defendant, Zurich American Insurance, Co., has responded (Docket #79), and the Third Party Plaintiff has replied to that response (Docket #85). In addition, the Third Party Defendant has filed a cross Motion for Summary Judgment against the Third Party Plaintiff (Docket #82). The Third Party Plaintiff has responded to that motion (Docket #86), to which the Third Party Defendant has replied (Docket #90). This matter is now ripe for adjudication. For the following reasons, the Third Party Plaintiff's Motion for Summary Judgment is **DENIED** on the basis that the Third Party Defendant's Cross Motion for Summary Judgment is **GRANTED**.

## BACKGROUND

Third Party Plaintiff ("Plaintiff"), Martin Marietta Materials, Inc. ("Martin Marietta") had previously come before this Court after filing a limitation of liability action pursuant to 46

U.S.C. app. §§ 181-95 arising from potential liability for injuries to Lester Baggett ("Baggett") on March 6, 2003.  Martin Marietta also filed a third party complaint against PKC Properties, LLC ("PKC"), the sister company of Triple M Transportation, Inc., WMS Marine Services, Inc. and Winterville Marine, Inc. (collectively "Claimants").  On March 3, 2005, this Court held that Martin Marietta is a named insured on the insurance policy, # MH 3545551-01 ("Policy"), and that Claimant PKC had purchased its policy from the Third Party Defendant ("Defendant") in this matter, Zurich American Insurance Company ("Zurich").  The effective dates of the policy were June 20, 2002 through June 20, 2003.  In addition, the Court determined that Martin Marietta has a right to insurance coverage and a defense as specified in the policy, but denied Martin Marietta's claims against PKC for indemnity because it could not prove that it had not acted negligent in causing Baggett's injuries.  The Court also denied Martin Marietta's requests for attorneys' fees.

In its Motion for Summary Judgment, Martin Marietta asks for relief in the amount of $93,318.00 against Zurich for attorneys' fees and costs incurred in its Limitation of Liability action; unreasonable refusal on the part of Zurich to provide a defense and otherwise indemnify Martin Marietta under Georgia law; and attorneys' fees incurred in pursuing its Third Party Complaints against Zurich.  Martin Marietta asserts that Zurich ignored and denied its repeated requests to provide coverage and a defense for the Baggett injury.

Zurich denies these claims asserting Martin Marietta is trying to recover the same attorneys fees previously denied by the Court and that Mississippi, not Georgia law, applies to the vexatious refusal to defend and indemnify Martin Marietta if the Court determines that there is no federal law on point.  Zurich also states that it had no duty to defend Martin Marietta

2

because Baggett never filed a lawsuit against Martin Marietta, meaning Zurich had no defense to offer Martin Marietta. Additionally, in its Motion for Summary Judgment, Zurich argues that Martin Marietta's motion is barred by the limitation clause of the insurance policy and that Martin Marietta's own insurance policy provides coverage in this matter.

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co*., 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence. To support this position, he must present evidence on which the trier of fact could find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Systems Corp*., 90 F.3d

1173, 1177 (6th Cir. 1996). Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tomkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (1991)." *Gafford v. General Electric Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

In order for the Court to address the merits of the claims brought by Martin Marietta, the Court must first determine if the claims are precluded by the twelve (12) month commencement provision stated in the policy agreement issued by Zurich, which lists Martin Marietta as an additional insured. However, before the Court may address that matter, the Court must determine if Zurich may bring this preclusion argument at this point in the litigation. If it can, the Court must then decide what choice of law governs the terms of the provision in the insurance contract. After resolving those issues, the Court can then determine if the twelve month commencement provision precludes the claims brought by Martin Marietta against Zurich.

### *Whether Zurich can assert the Twelve Month Commencement Argument in their Motion for Summary Judgment*

In its response to Zurich's motion for summary judgment, Martin Marietta contends that this Court has already determined that Martin Marietta is entitled to both coverage and a defense under the Policy, and therefore, the law of the case doctrine precludes Zurich from asserting the twelve month commencement clause located in the Policy. Martin Marietta has misconstrued the holding of this Court regarding the previous ruling. In the Memorandum Opinion, this Court

held that the Claimants could not bring subrogation claims against Martin Marietta because Martin Marietta was a named insured on the insurance policy. Further, this Court determined that Martin Marietta had a "right" to a defense if one should arise, not that they were "entitled" to a defense in this particular instance. This point is evident from the language that follows this holding, when the Court noted "[t]he reasoning behind these types of insurance policies is to allow the parties to share the cost of insurance," an obvious reference to the subrogation claim. This Court went on to discuss in detail and recognize the waiver of subrogation by the parties towards each other. As such, this Court did not hold that Martin Marietta was entitled to a defense in the instant matter.

Additionally, the claim asserted by Martin Marietta against Zurich is a new claim for purposes of the law of the case doctrine. The law of the case doctrine applies only to matters that have actually been decided. *Burks v. Kenny Partners, Inc.*, 77 Fed. Appx. 351, 355 (6th Cir. 2003). Though the case number for the prior claims brought by the Claimants and this claim brought by Martin Marietta against Zurich is the same, the causes of action and the opposing party are different. Martin Marietta has stated that its claims for indemnification and attorneys fees differ in this matter compared to its suit against the Claimants. Further, the bad faith refusal argument brought against Zurich was not brought during the initial part of the litigation, and it came about not through the Baggett injury, but from Zurich denying the coverage of the Martin Marietta claim. Lastly, Zurich was not a party when this Court issued its initial Memorandum Opinion on this matter. In no way can the Court reasonably interpret that the claims brought by the Claimants included Zurich simply because Zurich insured all the parties involved in the dispute. Accordingly, Zurich can assert the twelve month commencement claim in their motion

for summary judgment.

### *Whether Georgia, Mississippi or Kentucky law applies in interpreting the Policy*

Martin Marietta contends that Georgia law controls the interpretation of the Policy in the instant matter, while Zurich argues that either Mississippi or Kentucky law should apply when analyzing the terms of the Policy. As mentioned *supra*, the causes of action in this matter differ from than initial claims brought by Martin Marietta and the Claimants. As such, the Court must look at the terms of the Policy based upon the appropriate applicable state law.

The Restatement 2d of Conflict of Laws §188(1) looks at five factors when determining what choice of law to apply. These factors include: a) place of contracting; b) the place of negotiation of the contract; c) the place of performance; d) the location of the subject matter of the contract; and e) the domicile, residence or place of incorporation of the parties. In applying these factors to the instant matter, the appropriate law to interpret the terms of the Policy is the law of Georgia. Zurich's claims office in Georgia handled the claim brought by Martin Marietta that is the subject of dispute concerning the vexatious refusal to defend claim. The Policy that created the obligations was signed by Zurich in Georgia. Further, Zurich maintains a claims office in Georgia. More so than Mississippi or Kentucky, Georgia has the most substantial contacts with the conduct of the parties in this matter. Accordingly, Georgia law applies in interpreting the provision of the Policy.

### *Whether the Twelve (12) Month Commencement Provision in the Policy, as interpreted under Georgia Law, precludes the claims brought by Martin Marietta*

In its Motion for Summary Judgment Zurich argues that the twelve (12) month

commencement provision on page 614 of the Policy precludes Martin Marietta from bringing their claims against Zurich. Zurich contends that the alleged harm took place in August of 2003 when Zurich did not agree provide coverage to Martin Marietta and the claim against them was brought more than twelve (12) months after that time, on May 4, 2005. The language of the Policy states:

> **6. Litigation**
> No suit, action or proceeding brought by the Insured against this Company for the recovery of any claim under this Policy shall be sustainable in any court of law or equity unless the same *be commenced within twelve (12) months after this Company has denied liability for payment of claim*; except that in the case of a claim arising under the Collision Clause, no suit or action shall be sustainable unless brought within twelve (12) months next after the Insured shall have discharged his liability. Provided however, that if by the laws of the state within which this Policy is issued such limitation is invalid, then any such claim shall be void unless such action, suit or proceeding be commenced within the shortest limit of time permitted, by the laws of such state, to be fixed herein. (emphasis added).

In its response to Zurich's motion for summary judgment, Martin Marietta asserts that its lawsuit brought against Zurich does not fall under the guise of the provision because a lawsuit does not amount to a "claim" as set out in the terms of the provision. Further, Martin Marietta argues that both federal maritime and state law hold that the twelve (12) month commencement provision would be unenforceable in this matter. The Court holds that the provision does include the lawsuit brought by Martin Marietta, and that Georgia state law supports the enforcement of the provision to preclude the suit by Martin Marietta.

The language of the commencement provision, which falls under the title of "Litigation," is both clear and unambiguous. It plainly states that "[n]o suit, action or proceeding brought by the Insured against this Company for the recovery of any claim under this Policy shall be sustainable in any court of law or equity unless the same be commenced within twelve (12)

months after this Company has denied liability for payment of claim." This would include the lawsuit brought by Martin Marietta against Zurich because Martin Marietta's claims against Zurich arise from the Zurich's alleged wrongful conduct in denying Martin Marietta's insurance claim. As such, the provision includes the lawsuit brought by Martin Marietta.

Martin Marietta cites the case of *Luria Bros. & Co. v. Alliance Assur. Co*, 780 F.2d 1082 (2nd Cir. 1986) in asserting that the twelve (12) month provision is unenforceable under federal maritime law, and Georgia Code §9-3-24 in arguing that it is unenforceable under Georgia law. In *Luria Bros. & Co.*, in contrast to the instant matter, the case involved an insurer who attempted to claim a right of approval for legal expenditures based on the Policy after the insured had incurred the cost of litigation; the Court does not address a 12 (twelve) month commencement provision. Martin Marietta puts forward two other cases that also do not deal directly with the issue in this matter. As such, federal maritime law does not bar the enforcement of the provision.

Martin Marietta also cites Georgia Code §9-3-24, which states that the statute of limitations for a breach of contract case is six (6) years. However, the Georgia courts have held that a twelve (12) month commencement provision in an insurance policy is enforceable. In *Modern Carpet Industries, Inc. v. Factory Insurance Association*, the Georgia Court of Appeals held that in an alleged bad faith refusal insurance case the one-year limitations period in the insurance policy superceded any other general statutory provisions and controlled the period in which the insured could bring a lawsuit. *Modern Carpet Industries, Inc. v. Factory Insurance Association*, 186 S.E.2d 586, 587 (Ga. App. 1971). The Georgia Supreme Court has also recognized the twelve (12) month "no-suit" commencement provision in an insurance policy as

8

controlling, and that the twelve month provision precluded a lawsuit by the insured. *East Tennessee Mortgage Company, Inc. v. United States Fidelity and Guaranty Company*, 491 S.E.2d 333, 336-37 (Ga. 1997). In *McCoury v. Allstate Insurance Company*, the Georgia Court of Appeals, in upholding the twelve (12) month provision, interpreted that the language "any suit or action" precluded suits where the insured sought indemnification as well as a breach of the policy against the insurer. *McCoury v. Allstate Insurance Company*, 561 S.E.2d 169, 171 (Ga. App. 2002). Other cases in Georgia have also enforced the one (1) year limitation period in an insurance policy.[1]

In the instant matter, the Policy contained a one-year limitation period that required all suits related to any claim of the Policy to be commenced within year from the denial of the benefits. The alleged bad faith refusal took place on August of 2003, when Zurich did not respond to any requests by Martin Marietta to cover any claims regarding the Baggett injury. More than twelve (12) months later, on May 4, 2005, Martin Marietta filed this lawsuit against Zurich. Martin Marietta had ample opportunity to assert and include their claim against Zurich in their initial litigation against the Claimants, but did not do so at that time. Under Georgia Law, the claims for bad faith refusal, indemnification and attorneys fees are precluded by the one-year commencement provision of the Policy. Accordingly, the twelve (12) month commencement provision precludes the lawsuit brought by Martin Marietta against Zurich.

---

[1]*Pennsylvania Millers Mutual Insurance Company v. Thomas Milling Co., Inc.*, 224 S.E.2d 55, 57 (holding that where parties agree that action under an insurance policy will not be sustainable unless commenced within 12 months after the incident giving rise to the claim, statutory limitations are inapplicable, and the suit by the insured is precluded); *Beck v. Georgia Farm Bureau Mutual Insurance Company*, 247 S.E.2d 548, 549 (Ga. App. 1978) (holding that failure by the insured to file within the one-year limitation period precluded recovery).

## CONCLUSION

For the foregoing reasons, the Third Party Plaintiff's Motion for Summary Judgment is **DENIED**, and the Third Party Defendant's Motion for Summary Judgment is **GRANTED**.

An appropriate order shall issue.